UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

**Eric Williams individually and on behalf of all others similarly situated,**

                    Plaintiff,

v.

**Central Credit Services, LLC**

        Jury Demanded

                    Defendants.

_____

No. **18 cv - 3078**

CLASS ACTION

Class Action Complaint for
Violations of the Fair Debt Collection Practices Act

    1.  Plaintiff Eric Williams ("Plaintiff" or "Williams") files this Complaint seeking redress for the illegal practices of Defendant, Central Credit Services, LLC in connection with the collection of a debt allegedly owed by Plaintiff in violation of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

    2.  Among other violations, Defendant has violated the Plaintiff and the putative class members' rights under the FDCPA by failing to provide them with the notices to which they are entitled by statute; by depriving them of their full ability to resolve their alleged debts.

Parties

    3.  Plaintiff Eric Williams is a citizen of New York State who resides within this District.

    4.  Plaintiff is a "consumer" as that term is defined by FDCPA § 1692a(3).

1

5. The alleged debt of Plaintiff is a "debt" as defined by 15 U.S.C. § 1692a in that it is a debt alleged to be owed for personal, family, or household services. The alleged debt was incurred for a consumer credit card.

6. Defendant is regularly engaged in the collection of debts allegedly due to others.

7. The principal purpose of the Defendant is the collection of debts.

8. Defendant is a "debt collector," as defined by FDCPA § 1692a(6).

## Jurisdiction and Venue

9. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

10. Declaratory relief is available under 28 U.S.C. §§ 2201 and 2202.

11. Venue is proper in this district under 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

12. Venue is also proper in this district since Defendant transacts business in this district.

## Factual Allegations

13. Defendant alleges that Plaintiff owes a debt originally owed to American Express for a credit card.

14. In an attempt to collect the alleged debt on or about June 2, 2017, Defendant sent Plaintiff the debt collection letter. **(Exhibit A)**

15. Exhibit A seeks to collect the debt.

16. Exhibit A lists the "Current Balance" as $447.48.

17. Exhibit A fails to indicate to Plaintiff that amount of the debt was going to continue to increase due to interest that was legally accruing pursuant to the terms of the contract between Plaintiff and American Express.

18. Exhibit A was the initial letter sent by Defendants to Plaintiff and is hence subject to 15 USC 1692g.

19. Exhibit A violates 15 USC 1692e, and 15 USC 1692g(a) and various subdivisions thereto, in that it fails to inform the Plaintiff that interest was continuing to accrue on the account. *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72 (2d Cir. N.Y. 2016); *Carlin v. Davidson Fink LLP*, 852 F.3d 207, 215-17 (2d Cir. 2017).

20. Exhibit A violates the FDCPA, *Avila*, and *Carlin* in that the Plaintiff is misled as to the proper amount, character, and status of the debt.

21. Exhibit A does not disclose that if the Plaintiff did not pay the alleged debt, the Plaintiff would be liable for accruing interest.

22. Neither American Express, nor the Defendant, nor anyone on their behalf has informed the Plaintiff that interest or costs on the debt has been permanently waived.

23. Exhibit A is deceptive, unfair and unconscionable and violates 15 USC 1692e, 15 USC 1692e(2), 15 USC 1692e(10), 15 USC 1692f, and 15 USC 1692f(1), and 15 USC 1692(a) in that it fails to inform the Plaintiff that interest may

continue to accrue on the account. Exhibit A is misleading in that it does not inform the consumer that interest may at some point in the future accrue interest.

24. Additionally, the initial letter Defendants sent to the Plaintiff violates 15 USC 1692g(a) in that it fails to properly and effectively convey to Plaintiff the amount of the debt that is allegedly owed as specifically required by the FDCPA.

25. Additionally, Exhibit A is misleading as it could be read two different way, one of which is false.  Exhibit A could be read to mean that interest is accruing. Alternatively, Exhibit A could be read to mean that interest is not accruing.  This violates 15 USC 1692 e; 15 USC 1692e(2); 15 USC 1692e(5); and 15 USC 1692e(10);

26.  Exhibit A does not include the "safe harbor" language outlined by the Second Circuit in *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72 (2d Cir. N.Y. 2016).

27. By using the phrase "Current Balance" Exhibit A may be read by the least sophisticated consumer to mean that the balance was going to increase due to interest or other fees. To the extent that the balance was not going to increase due to interest or other fees, Exhibit A is false and deceptive and violates 15 USC 1692e, 1692e(2), 1692e(5), 1692e(10), 15 USC 1692f, and 15 USC 1692f(1). It also violates 15 USC 1692g in that it does not properly and clearly indicate the current amount alleged to be owed.

### Class Action Allegations

28. Under Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    a. Based on the fact that the collection letter at the heart of this litigation is a mass-mailed form letters, the class is so numerous that joinder of all members is impractical.

    b. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. These common questions include whether Exhibit A violates the FDCPA.

    c. The claims of Plaintiff are typical of the class members' claims. All are based on the same facts and legal theories. The only individual issue is the identification of the consumers who received the letter, (*i.e.*, the class members), which is a matter capable of ministerial determination from the Defendant's records.

    d. Plaintiff will fairly and adequately represent the class members' interests. All claims are based on the same facts and legal theories and Plaintiff's interests are consistent with the interests of the class.

    e. Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims.

29. A class action is superior for the fair and efficient adjudication of the class members' claims.

30. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. § 1692k.

31. The class members are generally unsophisticated individuals unaware of the protections afforded them by the FDCPA, which rights will not be vindicated in the absence of a class action.

32. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

33. If the facts are discovered to be appropriate, Plaintiff will seek to certify a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

34. This Count is brought by Plaintiff, individually, and on behalf of a class that, according to Defendant's records, consists of: (a) all individuals who have mailing addresses within New York; and (b) within one year before the filing of this action; (c) were sent a collection letter in a form materially identical or substantially similar to Exhibit A attached to Plaintiff's Complaint (d) which was not returned by the postal service as undeliverable.

35. Collection letters, such as those sent by Defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### Violations of the Fair Debt Collection Practices Act

36. Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

### Class Allegations Related to Exhibit A

37. By sending Exhibit A to Plaintiff, the Defendants violated 15 USC 1692g(a), 15 USC 1692e, 15 USC 1692e(2), 15 USC 1692e(5), and 15 USC 1692e(10), in that the Defendant did not properly and effectively convey the amount of the debt, and/or did not properly convey the language required by 15 USC 1692g.

38. By sending Exhibit A, the Defendants violated 15 USC 1692g(a), 15 USC 1692e, 15 USC 1692e(2), 15 USC 1692e(5) and 15 USC 1692e(10), in that the

6

Defendant did not properly indicate to the Plaintiff that the alleged debt may continuing to accrue interest.

39. By sending Exhibit A, the Defendants also violated 15 U.S.C. §§ 1692 e, 15 USC1692e(2), 15 USC 1692e(5), 15 USC 1692e(10), 15 USC 1692f, and 15 USC 1692f(1), and 15 USC 1692g(a) by falsely indicating that interest was accruing by use of the phrase "current balance."

40. By sending Exhibit A to Plaintiff, the Defendants violated 15 USC 1692g(a), 15 USC 1692e, 15 USC 1692e(2), 15 USC 1692e(5) and 15 USC 1692g(a), in that Exhibit A can be read one of two ways, one of which is false. Exhibit A can be read to mean that interest is accruing. Alternatively, Exhibit A can be read to mean that interest is not accruing.

41. Defendants' violations of 15 U.S.C. §1692, *et seq.*, render Defendant liable to Plaintiff and the Class.

42. As a result of Defendant's deceptive, insidious, and unfair debt collection practices, Defendant is liable to Plaintiff and the Class.

**WHEREFORE**, Plaintiff asks that this Court enter judgment in her favor and in favor of the members of the Class, against Defendant, awarding damages as follows:

    (A) Statutory damages as provided by § 1692k of the FDCPA;

    (B) Attorneys' fees, litigation expenses and costs incurred in bringing this action;

    (C) Declaratory relief declaring that Exhibit A and/or the initial letter Defendants sent Plaintiff violates the FDCPA; and

7

(D) Any other relief this Court deems appropriate and just.

## Jury Demand

Plaintiff demands trial by jury.

Dated: West Islip , New York
      May 21, 2018

                              RESPECTFULLY SUBMITTED,

                              S/ JOSEPH MAURO
                              Joseph Mauro
                              The Law Offices of Joseph Mauro, LLC
                              306 McCall Ave.
                              West Islip, NY 11795
                              Tel: (631) 669-0921

# EXHIBIT A

# Central Credit Services LLC

PO BOX 358
RAMSEY NJ 07446-0358
CHANGE SERVICE REQUESTED

500 North Franklin Turnpike, Ste 200, Ramsey, NJ 07446
800-336-3940
OFFICE HOURS (EST):
8AM-9PM MONDAY - THURSDAY
8AM-5PM FRIDAY & 8AM-12PM SATURDAY

June 2, 2017

Eric Williams
33 Jonas Blvd
Centereach NY 11720-4401

Central Credit #: 771733
CREDITOR: AMERICAN EXPRESS (US)
CREDITOR'S ACCOUNT #: XXXXXXXXXX62000
CURRENT BALANCE: $447.48

Please be advised that we have been requested by AMERICAN EXPRESS (US) to assist them in the collection of the amount set forth above.

You may contact us at 800-336-3940 if you have any questions or if you would like to discuss this matter further.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector.

**NOTICE: SEE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION**

274GLVELD01RS001

PLEASE RETURN THIS PORTION WITH YOUR PAYMENT (MAKE SURE ADDRESS SHOWS THROUGH WINDOW)

Central Credit Services LLC
500 North Franklin Turnpike, Ste 200
Ramsey, NJ 07446

800-336-3940

OFFICE HOURS (EST):
8AM-9PM MONDAY - THURSDAY
8AM-5PM FRIDAY & 8AM-12PM SATURDAY

Central Credit #
771733

Current Balance Due
$447.48

ERIC WILLIAMS

Payment Amount   $ _____

☐ Check here if your address or phone number has changed and provide the new information below.

Make Payment To:

CENTRAL CREDIT SERVICES LLC
PO BOX 357
RAMSEY NJ 07446-0364

441590540

**CALIFORNIA RESIDENTS:**
The state Rosenthal Fair Debt Collection Practices Act and the Federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language.  Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

**COLORADO RESIDENTS:**
A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt.
FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COAG.GOV/CAR
Local Colorado Office, Phone: (303) 920-4763, Address: Building B, 80 Garden Center Suite 3, Broomfield, CO 80020.

**MASSACHUSETTS RESIDENTS:**  NOTICE OF IMPORTANT RIGHTS
You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment.  Any such oral request will be valid for only ten days unless you provide written confirmation of the request postmarked or delivered within seven days of such request.  You may terminate this request by writing to the debt collector.

**MINNESOTA RESIDENTS:**
This collection agency is licensed by the Minnesota Department of Commerce.

**NEW YORK CITY RESIDENTS:**
In compliance with NYC Code Section 20-493.1 and Yonkers City Code § 31-162, contact Robert Pettway of Central Credit Services LLC at 800-829-6136.

New York City Department of Consumer Affairs License Numbers: 1469470, 2016914, 2016915, 2016916, 2016918, 2016920, 2016921, 2016922, 2016924

**NEW YORK STATE RESIDENTS:**
Debt collectors, in accordance with the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to:

    (i)    the use or threat of violence;
    (ii)    the use of obscene or profane language; and
    (iii)    repeated phone calls made with the intent to annoy, abuse, or harass.

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:

1. Supplemental security income, (SSI);
2. Social security;
3. Public assistance (welfare);
4. Spousal support, maintenance (alimony) or child support;
5. Unemployment benefits;
6. Disability benefits;
7. Workers' compensation benefits;
8. Public or private pensions;
9. Veterans' benefits;
10. Federal student loans, federal student grants, and federal work study funds; and
11. Ninety percent of your wages or salary earned in the last sixty days.

**NORTH CAROLINA RESIDENTS:**
Central Credit Services LLC, North Carolina Permit Numbers [#] & [Locations] listed below:
[# 112465] _ [500 N. Franklin Turnpike, Suite 200, Ramsey, NJ 07446-1177]
[# 112468] _ [501 & 601 A Wing, Supreme Business Park, Hiranandani Gardens, Powai 400076, Mumbai, India]
[# 112434] _ [20 Corporate Hills Drive, St. Charles, MO 63301]

**TENNESSEE RESIDENTS:**
This collection agency is licensed by the Collection Service Board of the Tennessee Department of Commerce and Insurance.

**WASHINGTON RESIDENTS:**
Central Credit Services LLC, Washington State License Numbers [#] & [Locations] listed below:
[# 603296747 001 0006] _ [500 N. Franklin Turnpike, Suite 200, Ramsey, NJ 07446]
[# 603296747 001 0004] _ [501 & 601 A Wing, Supreme Business Park, Hiranandani Gardens, Powai 400076, Mumbai, India]
[# 603296747 001 0008] _ [20 Corporate Hills Drive, St. Charles, MO 63301]